No. 25-3170

In The
United States Court of Appeals for the Sixth Circuit

———◆———

BUCKEYE INSTITUTE,

*Plaintiff-Appellee,*

v.

INTERNAL REVENUE SERVICE;
WILLIAM LONG, in his official capacity as Commissioner of
Internal Revenue; U.S. DEPARTMENT OF THE TREASURY;
SCOTT BESSENT, in his official capacity as Secretary of the Treasury,

*Defendants-Appellants.*

———◆———

**On Appeal From The United States District Court
For The Southern District Of Ohio at Columbus,
Civil Action No. 2:22-cv-4297 (Watson, J.)**

———◆———

**AMICUS CURIAE BRIEF OF RANDY ELF
IN SUPPORT OF AFFIRMANCE AND IN SUPPORT OF
APPELLEE BUCKEYE INSTITUTE**

———◆———

RANDY ELF, N. Y. No. 2863553
*Counsel of Record*
Post Office Box 525
Lakewood, N. Y. 14750
Telephone (202) 423-2122
ForEFilingOnly@gmail.com

November 20, 2025          *Counsel for Amicus*

# COPYRIGHT

Copyright © 2025 by Randy Elf. All Rights Reserved.

# TABLE OF CONTENTS[1]

COPYRIGHT.................................................................................i

TABLE OF CONTENTS .............................................................i

TABLE OF AUTHORITIES......................................................iii

GLOSSARY ................................................................................ v

AMICUS CURIAE STATEMENT.............................................. 1

STATEMENT OF ISSUES.......................................................... 2

SUMMARY OF ARGUMENT .................................................... 2

ARGUMENT............................................................................... 3

I.    The Sixth Circuit should hold that at least substantial-relation-exacting scrutiny, with the narrow tailoring of *Americans for Prosperity,* applies here. ......................................... 3

II.   The Sixth Circuit should distinguish the challenged law from particular types of law. *Boone* is distinguishable. ........................... 3

    A.    No ballot-access-disclosure law is at issue here. .................... 4

    B.    No political-speech-disclosure law is at issue here. ............... 4

    C.    No speech ban or other speech limit is at issue here. ............ 7

---

[1] For the readers' convenience, the thumbnail .pdf page numbers match the paper page numbers. 2D CIR.R. 32.1(a)(3), *available at* https://www.ca2.uscourts.gov/clerk/case_filing/rules/rules_home.html.

    This copyrighted brief as filed is at https://ssrn.com/abstract=5753222 (all Internet sites, except the one for this copyrighted brief as filed, visited Nov. 18, 2025).

CONCLUSION ........................................................... 10

CERTIFICATE OF COMPLIANCE ....................................... 11

CERTIFICATE OF SERVICE................................................ 12

ADDENDUM ......................................................... A

ADDENDUM TABLE OF CONTENTS.................................... i

Randy Elf, *The Constitutionality of State Law Triggering Burdens on Political Speech and the Current Circuit Splits*, 29 REGENT U.L. REV. 35, 43 (2016), available at https://ssrn.com/abstract=5283417.................................... 1

# TABLE OF AUTHORITIES[2]

CASES

*Ams. for Prosperity Found. v. Bonta,* 141 S.Ct. 2373 (2021) .......... 2, 3, 4

*Bluman v. FEC,* 800 F.Supp.2d 281 (D.D.C. 2011) .................................. 8

*Boone Cty. Republican Party Exec. Comm. v. Wallace,* 132 F.4th 406 (6th Cir. 2025) .................................................................. 2, 5, 6, 7, 8, 9

*Boone Cty. Republican Party Exec. Comm. v. Wallace,* 140 F.4th 797 (6th Cir. 2025) ..................................................................................... 2

*Buckley v. Valeo,* 424 U.S. 1 (1976) (per curiam) ................................ 5, 6

*Citizens Against Rent Control v. City of Berkeley,* 454 U.S. 290 (1981) . 8

*Citizens United v. FEC,* 558 U.S. 310 (2010) ........................................... 7

*Coal. for Secular Gov't v. Williams,* 815 F.3d 1267 (10th Cir. 2016) ....... 6

*Doe v. Reed,* 561 U.S. 186 (2010) ............................................................. 4

*FEC v. Ted Cruz for Senate,* 142 S.Ct. 1638 (2022) ................................ 8

*First Nat'l Bank of Boston v. Bellotti,* 435 U.S. 765 (1978) .................... 8

*Ind. Right to Life Victory Fund v. Morales,* 112 F.4th 466 (7th Cir. 2024) ..... 8

*McCutcheon v. FEC,* 572 U.S. 185 (2014) ......................................... 3, 7, 8

*Minn. Citizens Concerned for Life, Inc. v. Swanson,* 692 F.3d 864 (8th Cir. 2012) (en-banc) .......................................................................... 5, 6

---

[2] "Authorities upon which [this filing] chiefly rel[ies] are marked with asterisks." D.C.CIR.R. 28(a)(2), *available at* https://www.cadc.uscourts.gov/circuit-rules-procedures; *accord* 11TH CIR.R. 28-1(e), *available at* https://www.ca11.uscourts.gov/rules-procedures.

This filing cites slip- or manuscript-opinion/order pages, rather than Westlaw star pages, where bound-volume pagination will later be available, because Westlaw removes star pagination when West issues bound-volume pagination.

*Rio Grande Found. v. Oliver,* 154 F.4th 1213 (10th Cir. 2025) ............... 5

*\*Sampson v. Buescher,* 625 F.3d 1247 (10th Cir. 2010) ........................... 6

*Texans for Free Enter. v. Tex. Ethics Comm'n,* 732 F.3d 535 (5th Cir. 2013) ....................................................................................................... 8

*Thalheimer v. City of San Diego,* 645 F.3d 1109 (9th Cir. 2011) ............. 8

RULES

10TH CIR.R. 28.2 ........................................................................................ v

11TH CIR.R. 28-1 ...................................................................................... iii

2D CIR.R. 32.1 .............................................................................................. i

6TH CIR.R. 25 ........................................................................................... 12

D.C.CIR.R. 28 ........................................................................................ iii, v

FED.R.APP.P. 25 ...................................................................................... 12

FED.R.APP.P. 29 ................................................................................... 1, 11

FED.R.APP.P. 32 ...................................................................................... 11

LAW REVIEWS

Randy Elf, *The Constitutionality of State Law Triggering Burdens on Political Speech and the Current Circuit Splits,* 29 REGENT U.L. REV. 35 (2016) ("*Triggering*") ............................... 1, 4, 5, 6, 7, 9, ADDENDUM.1

OTHER AUTHORITIES

Randy Elf, *How Political Speech Law Benefits Politicians and the Rich* (Aug. 20, 2020) (one-hour video) ........................................................... 1

# GLOSSARY[3]

| Buckeye-Br. | Pl.-Appellee Buckeye Inst.'s Resp. Br. |
|---|---|
| EC | Executive committee |
| IRS | Internal Revenue Service |
| IRS-Br. | Defs.-Appellants IRS et al.'s Opening Br. |
| PIC | Political-issues committee |
| *Triggering* | Randy Elf, *The Constitutionality of State Law Triggering Burdens on Political Speech and the Current Circuit Splits,* 29 Regent U.L. Rev. 35 (2016) |

---

[3] D.C.Cir.R. 28(a)(3); 10th Cir.R. 28.2(C)(6), *available at* https://www.ca10.uscourts.gov/clerk/rules.

## AMICUS CURIAE STATEMENT[4]

Amicus has presented many briefs and oral arguments on the First Amendment and written a law-review article addressing it. Randy Elf, *The Constitutionality of State Law Triggering Burdens on Political Speech and the Current Circuit Splits,* 29 REGENT U.L. REV. 35 (2016) ("*Triggering*"), *available at* https://ssrn.com/abstract=5283417.

Amicus has also made many presentations across the country on this topic. *E.g., id.* at 35 n.*; Randy Elf, *How Political Speech Law Benefits Politicians and the Rich* (Aug. 20, 2020) (one-hour video), *available at* https://www.youtube.com/watch?v=h3ebymA7xOo.

Where this brief quotes *Triggering* text, some cites from corresponding footnotes are inserted into the text, and some cites remain in footnotes. Cites are converted from law-review style to brief style; many are condensed. Emphases are as in *Triggering*.

––––––––––– ◆ –––––––––––

<hr/>

[4] All parties consent to this filing. No party's counsel wholly or partly authored this brief. No such counsel, party, or other person—other than Amicus or Amicus's counsel—contributed monetarily to preparing or submitting this brief. Amicus has no members. *Cf.* FED.R.APP.P. 29(a)(2), 29(a)(4)(E).

Copyright © 2025 by Randy Elf. All Rights Reserved.

## STATEMENT OF ISSUES

Which scrutiny level applies to Plaintiff-Appellee Buckeye Institute's First Amendment challenge to Internal Revenue Service ("IRS") disclosure law?

————◆————

## SUMMARY OF ARGUMENT

This action involves a First Amendment challenge to IRS-disclosure law.

The Sixth Circuit should hold that at least substantial-relation-exacting scrutiny, with the narrow tailoring of *Americans for Prosperity Foundation v. Bonta,* 141 S.Ct. 2373 (2021), applies here.

Whatever the holding, the Sixth Circuit should distinguish the challenged law from ballot-access-disclosure law, political-speech-disclosure law, and law banning or otherwise limiting speech.

Thus, *Boone County Republican Party Executive Committee v. Wallace,* 132 F.4th 406 (6th Cir. 2025), *reh'g en-banc denied,* 140 F.4th 797 (6th Cir. 2025), *aff'g* No. 3:24-cv-00049, 2024-WL-3912946 (E.D. Ky. Aug. 22, 2024), is distinguishable.

————◆————

**ARGUMENT**

### I. The Sixth Circuit should hold that at least substantial-relation-exacting scrutiny, with the narrow tailoring of Americans for Prosperity, applies here.

This action involves a First Amendment challenge to IRS-disclosure law. (*Compare* PL.-APPELLEE BUCKEYE INST.'S RESP. BR. at 2 ("BUCKEYE-BR.") (statement of issues) *with* DEFS.-APPELLANTS IRS ET AL.'S OPENING BR. at 2 ("IRS-BR.") (same).)

*Americans for Prosperity* does not decide the scrutiny *level* for its claims, yet the Sixth Circuit should hold that at least substantial-relation-exacting scrutiny, *compare* 141 S.Ct. at 2391-92 (Alito, J., concurring) *with id.* at 2383 (op. of Roberts, C.J.), with the narrow tailoring of *Americans for Prosperity, compare id.* at 2391-92 (Alito, J., concurring) *with id.* at 2383-85 (majority-op.), applies here.

*Americans for Prosperity, id.,* expands the narrow tailoring of *McCutcheon v. FEC,* 572 U.S. 185, 218 (2014) (op. of Roberts, C.J.).

### II. The Sixth Circuit should distinguish the challenged law from particular types of law. Boone is distinguishable.

Whatever the holding, the Sixth Circuit should distinguish the challenged law from particular types of law. *Infra* Parts II.A-II.C (text);

3

*see, e.g., Ams. for Prosperity, supra* at 3 (both opinions acknowledging political-speech-disclosure law). This will deter others' conflating the different types of law.

Thus, *Boone* is distinguishable. *Infra* Parts II.B-II.C (text).

## A.    No ballot-access-disclosure law is at issue here.

No ballot-access-disclosure law is at issue here. (*Compare* BUCKEYE-BR. at 2 (statement of issues) *with* IRS-BR. at 2 (same).)

If it were, substantial-relation-exacting scrutiny would apply. *Doe v. Reed,* 561 U.S. 186, 196 (2010) (citations omitted).

## B.    No political-speech-disclosure law is at issue here.

No political-speech-disclosure law is at issue here. (*Compare* BUCKEYE-BR. at 2 (statement of issues) *with* IRS-BR. at 2 (same).)

If it were, the scrutiny level would depend on the type of such law. *Compare Triggering* at 80 n.252 (challenge to Track 2, *non*-political-committee disclosure requirements), *id.* at 77 & nn.236-37 (challenge to *particular* Track 1, political-committee or political-committee-like burdens by challengers for which it *is* constitutional to trigger Track 1 burdens in the first place), *and id.* at 77-79 & nn.238-51 ("challenge to whether government may trigger Track 1 burdens for an organization

itself in the first place") (each collecting authorities); *but cf. Boone,* 132

F.4th at 428-30 (not acknowledging different types of such law).[5],[6]

No such law arises here. *Supra* at 4. This *alone* suffices to distin-

guish *Boone, e.g.,* 132 F.4th at 421-30, on the political-speech-disclosure

law; further analysis is unnecessary.[7]

---

[5] The Supreme Court, applying constitutional scrutiny, has permitted two-track regulation—i.e., disclosure—of political speech. *See Buckley v. Valeo,* 424 U.S. 1, 63-64 (1976) (per curiam) (distinguishing political-committee(-like) burdens and *non*-political-committee disclosure).

> The *terms* "Track 1" and "Track 2" are [Amicus's], yet the *concepts* have been in the case law since ... *Buckley,* 424 U.S. at 63-64.

*Triggering* at 36 n.7; *but cf. Rio Grande Found. v. Oliver,* 154 F.4th 1213, 1218, 1230 n.12 (10th Cir. 2025) (addressing a Track 2, non-political-committee-disclosure challenge, conflating the two tracks by overlooking circuit precedent, and ironically calling analysis that primarily urges avoiding these mistakes "not useful"), *reh'g-en-banc pet. filed* (10th Cir. Sept. 23, 2025); *id.* at 1231 (Eid, J., dissenting) (same conflation).

[6] Challengers' *capability* of complying with challenged law does not make it constitutional. *E.g., Minn. Citizens Concerned for Life, Inc. v. Swanson,* 692 F.3d 864, 874 (8th Cir. 2012) (en-banc), *quoted in Triggering* at 46 & n.73 (collecting competing authorities); *but see Boone,* 132 F.4th at 424, 426, 429, 430 ("already set up"; "organizational structure and expertise"; "not so onerous ... as to give us pause"; "same reporting requirements except ... in the leadup to the election").

[7] Alternatively, *see Boone,* 132 F.4th at 421 n.7 (desiring material that others appear to have understandably considered unnecessary):

5

►First, in *Boone,* the disclosure is Track 1, political-committee-like burdens for political-issues committees ("PICs"). *Compare* 132 F.4th at 410-11, 422, 430 *with Triggering* at 43-44 & nn.60-65, 56 & nn.117-24 (describing Track 1 burdens), 45-46 & nn.71-72 (same), 43-44 & nn.59-60, 50-51 & nn.90-92, 65 n.157 (same); *but cf. Boone,* 132 F.4th at 424, 426, 427, 429 (addressing "onerous" and "seriously limiting").

Yet *Buckeye Institute* presents no issue analogous to whether Kentucky's PIC definition, *Boone,* 132 F.4th at 411 (citation omitted), triggers such burdens beyond First Amendment boundaries, *e.g., Buckley,* 424 U.S. at 79; *Sampson v. Buescher,* 625 F.3d 1247, 1249, 1251, 1261 (10th Cir. 2010), *each discussed in Triggering* at 48 & nn.83-84, 62-65 & nn.153-58 (collecting authorities); *see Coal. for Secular Gov't v. Williams,* 815 F.3d 1267, 1269, 1276-81 (10th Cir. 2016) (extending *Sampson*), *quoted in Boone,* 132 F.4th at 429; *cf. Triggering* at 48 & n.81 (overbreadth, not vagueness), 49-50 & nn.87-89, 64 & nn.155-56 (tailoring), 51 & nn.93-96 (*constitutional* boundary), 59-61 & nn.146-50 (determining the *Buckley*-major purpose), 51-52 & nn.97-103 (*Citizens United* pages *366-71*), 67-73 & nn.168-92, 77 (appeal-to-vote test); *but cf. Boone,* 132 F.4th at 428-30 (not fully seeing such boundaries).

►Second, the PIC's parent executive committee ("EC") already bears Track 1, political-committee-like *EC* burdens. *Compare Boone,* 132 F.4th at 410-12 *with supra* at 6 n.7 (citing *Triggering* as describing Track 1 burdens). *If* under Kentucky law, *PIC* disclosure, *supra* at 6 n.7, also befalls the parent EC, *Boone,* 132 F.4th at 421-28; *but see id.* at 431-34 (Griffin, J., dissenting) (implicitly disagreeing), then this is *another set* of Track 1 burdens for the parent EC.

Yet *Buckeye Institute* presents no issue analogous to whether Kentucky's PIC definition, *Boone,* 132 F.4th at 411 (citation omitted), lacks narrow tailoring, *supra* at 3, because it triggers *another set* of Track 1 burdens for the EC, rather than letting it **(a)** use, e.g., separate *ledger* funds/accounts, not just separate bank accounts, to keep particular contributions to the EC, *e.g., Boone,* 132 F.4th at 411 (citation omitted), from becoming *contributions* to *candidates* and **(b)** include ballot-measure speech in *EC* reports.

**C.    No speech ban or other speech limit is at issue here.**

No law banning or otherwise limiting speech[8] is at issue here.
(*Compare* BUCKEYE-BR. at 2 (statement of issues) *with* IRS-BR. at 2
(same).)

If it were, the scrutiny level for such law would apply. *Compare,
e.g., McCutcheon,* 572 U.S. at 232 (Thomas, J., concurring in the judg-
ment), *with id.* at 199 (op. of Roberts, C.J.).

No such law arises here. *Supra* at 7. This *alone* suffices to distin-
guish *Boone, e.g.,* 132 F.4th at 412, 423; *id.* at 431-34 (Griffin, J., dis-
senting), on the speech ban; further analysis is unnecessary.[9,10]

---

[8] "A ban is a limit of zero." *Triggering* at 38 n.25 (citation omitted).

[9] Alternatively, *see Boone,* 132 F.4th at 421 n.7 (desiring material
that others appear to have understandably considered unnecessary):
Kentucky has either

- an *entire* ban on the EC's ballot-measure speech, *id.* at
431-34 (Griffin, J., dissenting); *contra id.* at 422 (seeing no
ceiling on the EC's speech, meaning its *entire* ballot-measure
speech, and seeing no prevention of anyone's speech, mean-
ing no *entire* prevention of anyone's ballot-measure speech
(quoting *Citizens United v. FEC,* 558 U.S. 310, 366 (2010))),
or

- a *lesser* ban, i.e., on the EC's using *particular* contributions
for ballot-measure speech, *see id.* at 412 ("foreclose" (citation
omitted)), 423 ("prohibited" (citation omitted)).

Yet *Buckeye Institute* presents no issue analogous to whether such an *entire* ban violates the First Amendment. *Compare Citizens Against Rent Control v. City of Berkeley,* 454 U.S. 290, 295-300 (1981) (ballot-measure contributions), *and First Nat'l Bank of Boston v. Bellotti,* 435 U.S. 765, 776-95 (1978) (ballot-measure spending), *with FEC v. Ted Cruz for Senate,* 142 S.Ct. 1638, 1652 (2022) (quid-pro-quo corruption or its appearance (citing *McCutcheon,* 572 U.S. at 207 (opinion of Roberts, C.J.))), *and Bluman v. FEC,* 800 F.Supp.2d 281, 283 n.1, 286-89 (D.D.C. 2011) (explaining why aliens lack First Amendment political-speech rights), *aff'd,* 565 U.S. 1104 (2012) (mem.).

Or whether such a *lesser* ban violates the First Amendment. *Compare Cruz,* 142 S.Ct. at 1650 (holding that restricting resources burdens speech), 1652, 1656 (invalidating a ban on using *particular* contributions for non-quid-pro-quo-corruption-or-its-appearance-causing spending), *with Texans for Free Enter. v. Tex. Ethics Comm'n,* 732 F.3d 535, 537-39 (5th Cir. 2013) (invalidating a ban on *particular* contributors for non-quid-pro-quo-corruption-or-its-appearance-causing spending), *cited in Triggering* at 45 n.70, *Thalheimer v. City of San Diego,* 645 F.3d 1109, 1117-21 (9th Cir. 2011) (same), *and Ind. Right to Life Victory Fund v. Morales,* 112 F.4th 466, 472 (7th Cir. 2024) (same (following *Texans* and *Thalheimer*)); *contra Boone,* 132 F.4th at 423 ("Nothing in the Constitution requires the [Kentucky] Registry [of Election Finance] to allow" what it "has prohibited").

[10] *If* distinguishing *Boone* alternatively requires any of what is addressed *supra* at 5-8 nn.7, 9, then asking this may be helpful as background: *Why* do the *Boone* dissent and the *Boone*-majority opinion see the *Boone*-disclosure law, *supra* at 6 n.7 (second point), and the *Boone* ban, *supra* at 7 n.9, so differently? *Cf.* 132 F.4th at 421-28 (asking a different but related question: whether requiring an EC to "register as" a PIC—i.e., *be* a PIC, *infra* at 9 n.10—is disclosure or a ban, meaning *for the EC*); 132 F.4th at 431-34 (Griffin, J., dissenting) (correctly *not* conflating disclosure and bans).

One reason—perhaps the main reason—is largely *im*plicit in *Boone.*

In short, the *Boone* dissent contemplates that the parent EC *form/have* a PIC as a *separate* entity from the EC;



the *Boone*-majority opinion contemplates that the parent EC itself *be* a PIC, with the two *combined,* with either

the whole EC as a PIC      or the PIC as "a fund or account that is part of the" EC.



*Compare* 132 F.4th at 431-34 (Griffin, J., dissenting) (explicitly saying *form* and *separate,* implicitly saying *have,* and implicitly rejecting *be* and *combined*) *and id.* at 422-24 (using *form* for both *form* and *be,* implicitly saying *be* and *combined,* implicitly rejecting *form/have,* and explicitly rejecting *distinct,* i.e., *separate*) *with Triggering* at 43 & nn.56-59 (describing the difference between law with an *entire* ban and law with *no* ban; not addressing law with a *lesser* ban) (ADDENDUM.1).

Yet in *Boone,* reaching this issue is unnecessary *if* it affects the constitutionality of *no* part of the challenged law.

---◆---

## CONCLUSION

The Court should affirm the district-court order, 2023-WL-7412043, and hold that at least substantial-relation-exacting scrutiny, with the narrow tailoring of *Americans for Prosperity*, applies here, *supra* Part I. Whatever the holding, the Court should distinguish particular types of law and *Boone. Supra* Part II (text).

Respectfully submitted,

/s/ *Randy Elf*_____
RANDY ELF, N. Y. No. 2863553
  *Counsel of Record*
Post Office Box 525
Lakewood, N. Y. 14750
Telephone (202) 423-2122
ForEFilingOnly@gmail.com

November 20, 2025          *Counsel for Amicus*

**CERTIFICATE OF COMPLIANCE**

I certify that this brief complies with

● the type-volume limit, FED.R.APP.P. 29(a)(4), because it has 2025 words excluding what is exempt, *id.* 32(f), and

● the typeface and type-style requirements, *id.* 32(a)(5)-(6), because it is in 14-point Century Schoolbook, a proportionally-spaced font in Microsoft Word 2007.

*See id.* 32(g).

/s/ *Randy Elf*
RANDY ELF

November 20, 2025

**CERTIFICATE OF SERVICE**

I certify that today I filed the **AMICUS CURIAE BRIEF OF RANDY ELF IN SUPPORT OF AFFIRMANCE AND IN SUPPORT OF APPELLEE BUCKEYE INSTITUTE** with the Court's electronic-filing system, *see* FED.R.APP.P. 25(a)(1), 25(a)(2)(B), 25(b), 25(c)(2)(A), 25(d)(3); 6TH CIR.R. 25(a), 25(f), which will serve:

| | |
|---|---|
| Alan Gura | AGura@ifs.org |
| Brett Robert Nolan | BNolan@ifs.org |
| Charles Miller | CMiller@ifs.org |
| | |
| Robert Alt | robert@BuckeyeInstitute.org |
| David Tryon | D.Tryon@BuckeyeInstitute.org |
| | |
| Marie Wicks | Marie.E.Wicks@usdoj.gov |
| | |
| Theodore Cooperstein | ted@AppealsLawyer.us |
| | |
| Samuel Lioi | SLioi@JonesDay.com |
| | |
| Jonathan Taylor | jon@GuptaWessler.com |

/s/ *Randy Elf*_____
RANDY ELF

November 20, 2025

# ADDENDUM

# ADDENDUM TABLE OF CONTENTS

ADDENDUM ............................................................................ A

ADDENDUM TABLE OF CONTENTS......................................................i

Randy Elf, *The Constitutionality of State Law Triggering Burdens on Political Speech and the Current Circuit Splits*, 29 REGENT U.L. REV. 35, 43 (2016), available at https://ssrn.com/abstract=5283417.................................... 1

## II. POLITICAL-COMMITTEE AND POLITICAL-COMMITTEE-LIKE BURDENS

Some laws inherently *ban* political speech. For example, an organization and a political committee that it *forms or has* are separate entities, so law requiring an organization to *form or have* a political committee, and letting *only* the political committee engage in political speech, inherently bans such speech by the organization itself.[56]

By contrast, some other laws do *not* inherently ban such speech by the organization itself. Nevertheless, when the organization itself engages in its speech, the organization itself must *be* a political committee[57] or a political-committee-like organization.[58] Alternatively, such laws require—or *in effect* require—a fund or account that is part of the organization to *be* a political-committee-like fund or account.[59]

Political committees, political-committee-like organizations, and political-committee-like funds or accounts "are expensive to administer

---

[56]    *See id.* at 337–40 (describing such law).

[57]    *See Buckley*, 424 U.S. at 63 (describing such law). This is as opposed to having to *form or have* a separate political committee.

[58]    Wis. Right to Life, Inc. v. Barland, 751 F.3d 804, 834 (7th Cir. 2014) (describing such an organization).

[59]    *E.g.*, *id.* at 825, 839–40, 844–46 (describing such an account); Minn. Citizens Concerned for Life, Inc. v. Swanson, 692 F.3d 864, 868–72 (8th Cir. 2012) (en banc) (describing such a fund/account); *see infra* note 92.

To be clear, such law does not require an organization to *form or have* a political committee. When an organization *forms/has* a political committee, the political committee is *separate* from the organization. *Citizens United*, 558 U.S. at 337; Cal. Med. Ass'n v. FEC, 453 U.S. 182, 196 (1981). An organization does not speak through a political committee it *forms/has;* such a political committee, not its parent organization, speaks and bears Track 1, political-committee burdens as a separate entity. *Citizens United*, 558 U.S. at 337. This *Citizens United* holding supersedes *Citizens Against Rent Control v. City of Berkeley*, 454 U.S. 290, 298 (1981) (holding that organizations "speak through" their political committees), *FEC v. Massachusetts Citizens for Life, Inc.*, 479 U.S. 238, 252 (1986) (opinion of Brennan, J.) (same), and *FEC v. Beaumont*, 539 U.S. 146, 163 (2003) (asserting an organization's political committee is an "avenue for" the organization's own "contributions"). That an organization may wholly control a political committee that it *forms/has, Beaumont*, 539 U.S. at 149, does not change the point of law that the organization and such a political committee are separate under *Citizens United*, 558 U.S. at 337.

By contrast, when an organization itself must *be* a political committee or political-committee-like organization to speak, the organization itself speaks and bears Track 1, political-committee or political-committee-like burdens. *Barland*, 751 F.3d at 812–16, 822, 825–26. The same holds when a fund or account that is part of the organization must *be* a political-committee-like fund or account. *E.g.*, *id.* at 825, 839–40, 844–46; *Minn. Citizens Concerned for Life*, 692 F.3d at 868–72.

Some courts conflate *forming/having* and *being* a political committee. *See, e.g.*, Cook v. Tom Brown Ministries, 385 S.W.3d 592, 601, 604 (Tex. Ct. App. 2012) (incorrectly holding that law banning an organization's speech and letting the organization "create its own political committee," which then speaks, does not ban the organization's speech).

Copyright © 2016 by Randy Elf. All Rights Reserved.